281 So.2d 515 (1973)
FIRST BANK & TRUST COMPANY OF BOCA RATON, NATIONAL ASSOCIATION, Appellant,
v.
COUNTY NATIONAL BANK OF NORTH MIAMI BEACH and Donald M. Hill, Appellees.
No. 73-180.
District Court of Appeal of Florida, Third District.
July 31, 1973.
Rehearing Denied September 10, 1973.
*516 Tylander, DeClaire, Becker, & Van Kleeck, Boca Raton, for appellant.
Moore, Kessler, Sheradsky, Roth & Beckerman, Miami, Nowlin & Adams, Delray Beach, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant plaintiff seeks review of a final judgment rendered in favor of appellee defendant in a suit to compel appellee to honor certain endorsement guarantees. We reverse.
A Mr. Donald Hill, a depositor of appellant, wrote two checks[1] on his account to "Firebird International, Inc.", and the checks were delivered to the individual intended. No such corporate entity existed. Nonetheless, the checks were endorsed by one Bill Johnson as president of Firebird International and Firebird International, Inc. and both checks were made payable to the account of a Mr. Charles Moskowitz in the County National Bank of North Miami Beach, appellee herein. County National then endorsed the checks by stamping thereon the following:

 "PAY TO THE ORDER OF ANY BANK, BANKER
 OR TRUST CO., All Prior Endorsements Guaranteed
 "April 7, 1969,
 "63-724 COUNTY NATIONAL BANK 63-724
 _______ _______
 631 OF NORTH MIAMI BEACH 631"
 [Emphasis supplied.]

Appellant, relying on said endorsement, duly honored the checks. A few months thereafter Hill brought suit in the Circuit Court of Palm Beach County against appellant alleging an improper payment by the drawee to a fictitious entity since no corporate status existed for Firebird International, the payee. That suit resulted in a judgment rendered in favor of Hill for $5,000.00, and is the basis claimed by appellant as its damages herein.[2]
Upon careful consideration of the record, briefs and arguments of counsel, we are of the opinion that the trial judge erred, as a matter of law, in not finding that an endorsing bank is liable to *517 a drawee bank relying upon that endorsement. Fla. Stat. § 673.3-414(2), F.S.A. states:
"Unless they otherwise agree, indorsers are liable to one another in the order in which they indorse, which is presumed to be the order in which their signatures appear on the instrument."
Moreover, any person, customer or collecting bank transferring such an item to another, who has received consideration therefor warrants to the transferree or subsequent collecting bank that all signatures therein are genuine or authorized. See: Fla. Stat. §§ 673.3-417(2)(b), 674.4-207(2)(b) and (3). It was shown in the case sub judice that such warranty or guaranty from appellee to appellant was not met and as a result the appellant suffered damage. Under the foregoing statutes it clearly appears that the appellant was entitled to recover judgment from appellee. Accordingly, the final judgment herein appealed is reversed with directions for the trial court to enter judgment in accord with this opinion and to dispose of the third party complaint still pending before it in this cause.
Reversed and remanded with directions.
NOTES
[1] The checks totalled $5,000.00.
[2] Appellee herein was joined in the Palm Beach action by appellant as a cross-defendant. However, utilizing the venue provisions of 12 U.S.C.A. § 94, the cause against appellee was discontinued. Appellee now argues that appellant never would have lost the action in Palm Beach had it raised certain defenses and that it was appellant's negligence in defense that resulted in the loss of the case. We will not consider the merits of said argument for two reasons: While such an argument is logical, it is irrelevant herein since it would result in this court having to indulge in mere speculation, ex post facto, on what might or could have taken place in that action had certain issues been properly raised. We decline to engage in such speculation. Secondly, no timely appeal was taken from that judgment and we do not have the authority to entertain an argument that is in the nature of an appellate review of a court's action over which we do not have jurisdiction.